**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**EDWARD S. KIEL**
UNITED STATES MAGISTRATE JUDGE

FRANK R. LAUTENBERG U.S. POST
OFFICE & COURTHOUSE BUILDING
2 FEDERAL SQUARE
NEWARK, NJ 07102
973-645-6121
ESK_Orders@njd.uscourts.gov

January 7, 2021

**LETTER ORDER PURSUANT TO LOCAL RULE 16.1**

RE:     *Eugene Scalia v. Ernie's Auto Detailing Inc., et al.*
        **Civil Action No. 2:20-17785-KM-ESK**

Dear Counsel:

A telephonic initial scheduling conference shall be held on **February 11, 2021 at 11:00 a.m.**  The dial in number is 1-888-684-8852 and access code is 310-0383#.

Counsel are advised that the early disclosure requirements of Federal Rule of Civil Procedure ("Rule") 26 will be enforced.  Therefore, counsel shall immediately exchange the following information relating to the above-captioned matter without a formal discovery request:

-      identities of individuals likely to have knowledge of discoverable facts;

-      documents and things in the possession of counsel or the parties;

-      identities of experts and their opinions;

-      insurance agreements in force; and

-      statement(s) of the basis for any damages claimed.

At least 14 days prior to the conference, counsel shall meet and confer pursuant to Rule 26(f) and file a Joint Discovery Plan at least three business days prior to the conference.  The Court's form Joint Discovery Plan can be found at https://www.njd.uscourts.gov/content/edward-s-kiel.

At the conference, the Court will address the scheduling of proposed motions.  No motions are to be filed without leave from the Court, except for motions in lieu of Answer under Rule 12. If motions requiring prior leave have been filed, the movant shall advise the Court, in writing, regarding the nature of the motion and its present status.

At the conference, all parties not appearing *pro se* must be represented by counsel who shall have full authority to bind their clients in all pretrial matters.  Counsel shall also be prepared to discuss the merits of the case and shall have settlement authority.  Clients or persons with authority over the matter shall be available by telephone.  *See* L. Civ. R. 16.1(a).

Counsel for plaintiff(s) shall notify any party who hereafter enters an appearance of the conference and forward a copy of this Order to that party.

Please advise the Court if this case has been settled or terminated.

**SO ORDERED this 7th day of January, 2021.**


　　　　　　　　　　　　　　　　　 */s/ Edward S. Kiel*
　　　　　　　　　　　　　　　　　Edward S. Kiel
　　　　　　　　　　　　　　　　　United States Magistrate Judge

**United States District Court for the District of New Jersey**

**NOTICE**
**November 2004**

Dear Bar Member:

The United States District Court for the District of New Jersey implemented electronic case filing on January 5, 2004. The Case Management/Electronic Case Filing (CM/ECF) system is browser-based and accessible over the Internet. We are excited about the benefits this technology offers to the court and the bar, especially being able to file and view documents 24 hours a day from the convenience of your office or home.

Training is essential to utilize the full capabilities of this system. Attorneys are encouraged to participate in training and register to become e-filers. For your convenience, we are providing three methods of ECF training. Hands-on training classes are offered at each of our three courthouses. You can register for these classes on our web site at **pacer.njd.uscourts.gov**. There is a self-paced ECF tutorial that is accessible from our web site as well. We also offer on-site training that can be arranged at your firm depending on the number of attendees and the availability of suitable facilities by calling (973)-645-4439.

ECF registration forms can be obtained from any of our three offices or completed electronically on our website.  It is strongly suggested that you familiarize yourself with the Policies and Procedures that govern the use of this System.  The Electronic Case Filing Policies and Procedures are available on our web site, along with our ECF Users Guide and other useful information.

In addition to ECF access, it is recommended that a PACER (Public Access to Electronic Records) account is obtained.  A PACER account will provide Filing Users with querying capabilities. PACER is a fee-for-use service offered by the Administrative Office of the United States Courts. Contact the PACER Service Center at (800)676-6856 or on-line at <u>http://pacer.psc.uscourts.gov</u>.

***Please be advised that documents not filed electronically but filed in the traditional manner on paper must be accompanied by a floppy diskette or a CD containing the document(s) in PDF format. Each PDF document must not exceed 2MB or 2048KB. If the paper document contains an original signature, then the electronic version contained on the diskette or CD must include a signature line with*** A**s**/@ ***(e.g.,*** <u>s/Jennifer Doe</u>***).***

The real success of this system is a function of the number of lawyers who become registered e-filing users. Upon receipt of your ECF login and password, the court expects you to file electronically. Please take advantage of the CM/ECF training opportunities and become a registered e-filer before e-filing becomes mandatory. Beginning **<u>January 31, 2005</u>**, electronic case filing will be mandatory for all civil and criminal cases other than pro se cases.

Sincerely,

William T. Walsh
Clerk

3

## ALTERNATIVE DISPUTE RESOLUTION IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Mediation is the Alternative Dispute Resolution (ADR) program in this Court.  Mediation is governed by Local Civil Rule 301.1. The mediation program under this rule is  supervised by a judicial officer who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation. This  may be done without the consent of the parties.   However, the Court encourages parties to  confer among themselves and consent to mediation.   Moreover, you are reminded that, when  counsel confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil  Rule 26.1, one of the topics that <u>must</u> be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time.   However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of  discovery and trial.   Accordingly, the Court encourages parties to consent to mediation prior to  or at the time that automatic disclosures are made pursuant to Rule 26(a)(1) of the Federal Rules  of Civil Procedure.

If parties consent to mediation, they may choose a mediator either from the list of  certified mediators maintained by the Court or by the selection of a private mediator.   If a civil  action is referred to mediation without consent of the parties, the judicial officer responsible for  supervision of the program will select the mediator.

Mediation is non-judgmental.   The role of the mediator is to assist the parties in reaching a resolution of their dispute.   The parties may confer with the mediator on an <u>ex parte</u> basis.   Anything said to the mediator will be deemed to be confidential and will not be revealed  to another party or to others without the party's consent.   The first six hours of a mediator's time  are free.   The mediator's hourly rate thereafter is $150.00, which is borne equally by the parties.

If you would like further information with regard to the mediation program please  review the Guidelines for Mediation, which are available on the Court's Web Site at pacer.njd.uscourts.gov and appear as Appendix Q to the Local Civil Rules. You may also make  inquiries of the judicial officer responsible for supervision of the program.

**Civil actions in which there are *pro se* parties (incarcerated or not) are not eligible for mediation.**