UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

-------------------------------------------------------------------

JULIE A. SU, Acting Secretary of Labor, United States  :
Department of Labor,[1]

                                                    :

                  Plaintiff,

          v.                      :

                                        No. 2:20-CV-17785 (KM) (ESK)

ERNIE'S AUTO DETAILING INC. and ERNESTO  :
DECENA a/k/a BUENAVENTURA E. DECENA,           Returnable: June 5, 2023
individually,                      :

                  Defendants.         :

-------------------------------------------------------------------

 

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ERNIE'S AUTO DETAILING INC. AND ERNESTO DECENA

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Secretary of Labor Julie A. Su is automatically substituted as Plaintiff.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................iii

PRELIMINARY STATEMENT ........................................................................................ 1

BACKGROUND.................................................................................................................. 1

ARGUMENT ....................................................................................................................... 2

    I.    DEFAULT JUDGMENT IS APPROPRIATE .................................................. 2

        A.    Jurisdiction ................................................................................................ 3

        B.    The Secretary Has Asserted Legitimate Causes of Action ........................ 3

        C.    Default Judgment Factors Weigh Heavily in Favor of Plaintiff.............. 9

    II.    DAMAGES AND INJUNCTIVE RELIEF .................................................. 12

        A.    Proposed Statement of Damages................................................................ 12

        B.    An Inquest Hearing is Not Necessary........................................................ 13

        C.    The Secretary is Entitled to Liquidated Damages.................................... 14

        D.    The Court Should Enjoin Defendants from Violating the FLSA ............ 15

CONCLUSION.................................................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acosta v. DRF Hosp. Mgmt. LLC*, 2019 WL 1590931 (E.D.N.Y. Mar. 13, 2019) ..................... 16

*Aetrex Worldwide, Inc. v. Sourcing For You Ltd.*, 2019 WL 1349763 (D.N.J. Mar. 26, 2019) ... 10

*Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810 (D.N.J. 2021) ................................... 3

*Comdyne I, Inc. v. Corbin*, 908 F.2d 1142 (3d Cir. 1990) ........................................................ 3

*Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253 (S.D.N.Y. 2011) .......................... 5

*Days Inns Worldwide, Inc. v. Al Noor Corp.*, 2012 WL 715252 (D.N.J. Mar. 5, 2012) ............. 11

*Delgado v. Auto Gallery LLC*, 2021 WL 5864064 (D.N.J. Dec. 10, 2021) .................. 11, 13, 15

*Dole v. Haulaway Inc.*, 723 F. Supp. 274 (D.N.J. 1989) ................................................. 4, 14, 15

*Dole v. Solid Waste Servs., Inc.*, 733 F. Supp. 895 (E.D. Pa. 1989) ........................................... 8

*Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120 (3d Cir. 1983) ......................................... 11

*Hernandez v. Polly Inc.*, 2022 WL 17850347 (D.N.J. Dec. 21, 2022) ........................................ 8

*Innovative Sports Mgmt., Inc. v. Tumi Int'l, Inc.*, 2021 WL 4026112 (D.N.J. Sept. 2, 2021) ........ 3

*Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013) ................................................................. 12

*Jackson v. Art of Life, Inc.*, 836 F. Supp. 2d 226 (E.D. Pa. 2011) ........................................... 13

*Maersk Line v. Americargo Inc.*, 2018 WL 3435070 (D.N.J. July 17, 2018) .............................. 3

*Maersk Line v. TJM Int'l Ltd. Liab. Co.*, 427 F. Supp. 3d 528 (D.N.J. 2019) ........................... 11

*Marshall v. Brunner*, 668 F.2d 748 (3d Cir. 1982) ............................................................. 14, 15

*Marshall v. Nat'l Freight, Inc*, 1979 WL 1977 (D.N.J. Sept. 6, 1979) ...................................... 16

*Marshall v. Van Matre*, 634 F.2d 1115 (8th Cir. 1980) ........................................................... 16

*Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896 (3d Cir. 1991) ....................................... 14, 15

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988) ............................................................ 8

*Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*,
    175 F. App'x 519 (3d Cir. 2006) .................................................................................. 11

*Nieves v. Top Notch Granite & Marble LLC*, 2011 WL 2937352 (D.N.J. July 19, 2011) ........... 5

*Platek v. Duquesne Club*, 961 F. Supp. 835 (W.D. Pa. 1995) ..................................................... 5

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984) ........................................... 9

*Qu Wang v. Fu Leen Meng Rest. LLC*, 2018 WL 1027446 (D.N.J. Feb. 23, 2018) ............... 4, 15

*Saiyed v. Archon, Inc.*, 2021 WL 3561219 (D.N.J. Aug. 11, 2021) ......................................... 13

*Scalia v. Shalimar Distributors LLC*, 2020 WL 4335020 (M.D. Pa. July 28, 2020) ................. 16

*Sidewinder Films, LLC v. Sidewinder Films, LLC*,
    2022 WL 6964829 (D.N.J. Oct. 11, 2022) .................................................................. Passim

*Solis v. A-1 Mortg. Corp.*, 934 F. Supp. 2d 778 (W.D. Pa. 2013) ........................................... 15

*Solis v. SCA Rest. Corp.*, 938 F. Supp. 2d 380 (E.D.N.Y. 2013) .............................................. 5

*Stewart v. Loving Kindness Healthcare Sys., LLC*,
    2021 WL 567248 (W.D. Pa. Feb. 16, 2021) ........................................................... 12, 15

*Stone v. Troy Constr., LLC*, 935 F.3d 141 (3d Cir. 2019) ......................................................... 8

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142 (3d Cir. 2014) ................................. 12

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*,
    109 F.3d 105 (2d Cir.1997) ...................................................................................... 13

*Trucking Emps. of N. Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer, Inc.*,
    2009 WL 3584358 (D.N.J. Oct. 27, 2009) ................................................................ 13

*Trustees of B.A.C. Loc. 4 Pension Fund v. Danaos Grp. LLC*,
    2019 WL 3453270 (D.N.J. July 31, 2019) .............................................................. 9, 10

*Trustees of Int'l Union of Painters & Allied Trades Dist. Council 711 Health &*
    *Welfare Fund v. Rocon, Inc.*, 2022 WL 225384 (D.N.J. Jan. 26, 2022) ......................... 13

*Unimaven, Inc. v. Texas TR, LLC*, 2020 WL 5406162 (D.N.J. Sept. 8, 2020) .......................... 10

*Walsh v. E. Penn Mfg. Co.*, 555 F. Supp. 3d 89 (E.D. Pa. 2021) ............................................... 7

*Walsh v. Elder Res. Mgmt., Inc.*, 2022 WL 3134085 (W.D. Pa. Aug. 5, 2022) .................... 7, 15

*Walsh v. Fusion Japanese Steakhouse, Inc.*, 548 F. Supp. 3d 513 (W.D. Pa. 2021)...................15

**Statutes**

28 U.S.C. § 1331 ...............................................................................................................3

28 U.S.C. § 1345 ...............................................................................................................3

29 U.S.C. § 201 .................................................................................................................1

29 U.S.C. § 203 .................................................................................................................4

29 U.S.C. § 207 .................................................................................................................5

29 U.S.C. § 211 .............................................................................................................6, 7

29 U.S.C. § 216 ...............................................................................................................14

29 U.S.C. § 217 ..........................................................................................................3, 15

**Rules**

Fed. R. Civ. P. 25 .............................................................................................................1

Fed. R. Civ. P. 37 .............................................................................................................2

Fed. R. Civ. P. 55 ...................................................................................................1, 2, 13

**Regulations**

29 C.F.R. Part 516...........................................................................................................7

29 C.F.R. § 778.5 .............................................................................................................5

## PRELIMINARY STATEMENT

This Court should grant default judgment against Defendants Ernie's Auto Detailing Inc. ("Ernie's Auto") and Ernesto Decena a/k/a Buenaventura Decena (collectively, "Defendants") and permanently enjoin them from violating the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (hereinafter "the Act" or "the FLSA"). Default judgment is appropriate because the well-pleaded factual allegations in the Secretary of Labor's Complaint establish that Defendants willfully violated the FLSA, including failing to pay overtime to their employees and manipulating pay records to hide their violations and feign compliance with the FLSA. *See* Compl., ECF No. 1. This Court has already sanctioned Defendants by striking their answers and entering default because of their failure to comply with multiple Court orders and defend this matter. *See* ECF No. 77 (striking Defendants' answers and ordering default); Text Entry dated Dec. 30, 2022 (entry of default by Clerk of the Court). Further, as set forth below, a hearing on damages is not necessary because the damages are easily computed from Defendants' own records and supported by a detailed declaration from Aristoteles Rodriguez of the U.S. Department of Labor, Wage and Hour Division ("WHD").

Accordingly, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Plaintiff" or "Secretary") moves the Court seeking a default judgment against Defendants for a total of $16,555,620 in unpaid back wages and liquidated damages to the 1,504 employees identified in Exhibit 1 to the declaration of Assistant District Director Aristoteles Rodriguez, as well as injunctive relief.

## BACKGROUND

The procedural history of this case is well known. On December 2, 2020, the Secretary filed a complaint against Defendants for their willful violations of the FLSA's overtime and

recordkeeping requirements. *See* ECF No. 1. The Secretary seeks to recover unpaid back wages and liquidated damages, and to enjoin acts and practices that violate the provisions of the FLSA, and to obtain other appropriate relief. *Id.* ¶¶ 41-92. Defendants filed an answer on February 1, 2021. *See* ECF Nos. 12, 13. Over the course of ten months, Defendants failed to comply with four Court orders directing Defendants to comply with their discovery obligations. Thus, on October 14, 2022, the Secretary moved for sanctions against Defendants pursuant to Rule 37 of the Federal Rules of Civil Procedure. *See* ECF No. 71. Defendants did not file an opposition.

On November 30, 2022, Magistrate Judge Kiel issued a Report and Recommendation to grant the Secretary's unopposed motion for sanctions, strike Defendants' answers and enter default against Defendants. *See* ECF No. 75. Defendants did not file an objection. On December 30, 2022, the Court approved the Report and Recommendation and the Clerk of the Court entered default against Defendants. *See* ECF No. 77; Text Entry dated Dec. 30, 2022.

## ARGUMENT

## I.    DEFAULT JUDGMENT IS APPROPRIATE

Default judgment is appropriate because the well-pleaded factual allegations in the Secretary's Complaint establish that Defendants willfully violated the overtime and recordkeeping provisions of the FLSA, and this Court has already entered default sanctions against Defendants.[2] *See* ECF No. 1; Text Entry dated Dec. 30, 2022. A court may exercise its discretion in entering a default judgment when: "(1) the plaintiff has produced sufficient proof of valid service and jurisdiction, (2) the unchallenged facts present a legitimate cause of action, and (3) the circumstances otherwise make default judgment proper." *Sidewinder Films, LLC v. Sidewinder Films, LLC*, No. 19-13992 (NLH)(AMD), 2022 WL 6964829, at *2 (D.N.J. Oct. 11, 2022). To

---

[2] Defendants are not a minor or an incompetent person. *See* Fed. R. Civ. P. 55(b)(2).

determine the circumstances in which default judgment is appropriate, courts in this Circuit consider three factors: "(1) the prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct." *Id.*

### A. Jurisdiction

There is no question that this Court has jurisdiction over this matter pursuant to section 17 of the FLSA, 29 U.S.C. § 217 and 28 U.S.C. §§ 1331 and 1345. Defendants were also properly served. *See* ECF Nos. 5 (declaration of service), 7 (stipulation waiving defenses based on alleged defects in service of process).

### B. The Secretary Has Asserted Legitimate Causes of Action

Before entering default judgment, "the Court must determine whether the 'unchallenged facts constitute a legitimate cause of action.'" *Innovative Sports Mgmt., Inc. v. Tumi Int'l, Inc.*, No. CV 20-14253 (KM), 2021 WL 4026112, at *1 (D.N.J. Sept. 2, 2021) (McNulty, J.). The Secretary's claims that Defendants have willfully violated the FLSA's overtime and recordkeeping requirements are legitimate causes of action. It is well-established law that where, as here, a defendant is in default, a court is required to accept all factual allegations of the moving party as true and consider the claims to be established as a matter of law. *See, e.g., Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'") (citation omitted); *Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810, 820 (D.N.J. 2021). Thus, "the facts pled in the Complaint are accepted as true for the purpose of determining liability." *Maersk Line v. Americargo Inc.*, No. CV 17-5742, 2018 WL 3435070, at *1 (D.N.J. July 17, 2018).

1. <u>Defendants are employers as defined by the Act, and Ernie's Auto Detailing is covered by the FLSA.</u>

Section 3(d) of the Act defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Courts employ a broad interpretation of 'employer' within the context of the FLSA as to 'effectuate the FLSA's liberal, remedial purposes.'" *Qu Wang v. Fu Leen Meng Rest. LLC*, No. 16-8772, 2018 WL 1027446, at *2 (D.N.J. Feb. 23, 2018) (citations omitted). Courts look to factors such as the power to hire and fire employees, supervise and control employee work schedules or other conditions of employment, determine rate and method of compensation, and maintain employment records. *Id.*; *see Dole v. Haulaway Inc.*, 723 F. Supp. 274, 287 (D.N.J. 1989), *aff'd*, 914 F.2d 242 (3d Cir. 1990) (president and sole shareholder of corporation was an employer because he "exercised day to day control over the affairs of the corporate defendant including approving promotions and raises, hiring and discharging employees, and establishing other terms and conditions of employment").

Here, the Complaint establishes that Ernie's Auto and Decena were employers under the FLSA. *See* ECF No. 1 ¶¶ 12-40. During the relevant time period of this action (from January 2017 through January 2020), Ernie's Auto provided car detailing, interior car cleaning, car washing, driving, and valet services at car dealerships throughout the tri-state area, regulated the employment of all persons employed by it. *Id.* ¶ 9. Ernie's Auto employed car detailers, car washers, drivers, and valets and directed employees to clean car interiors, detail car washers, wash cars, drivers cars from one worksite to another, and pick up customers. *Id.* ¶ 10. Throughout the relevant time period, Decena was an employer under the FLSA because he was in active and operational control and management of Ernie's Auto with, *inter alia*, the authority to hire and fire employees, assign and transfer employees from worksites, determine rates of pay and work schedules, and direct employees in how to perform their work. *Id.* ¶¶ 16-36. The Complaint also

establishes that during the relevant time period, Defendants were an enterprise engaged in commerce as defined by the Act, and thus, covered by the requirements of the FLSA. *Id.* ¶¶ 37-40.

      2.   <u>Defendants' Pay Practices Violated the FLSA.</u>

      The FLSA requires employers to pay each employee overtime at one and one-half times their regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a). An employee's "regular rate" of pay, as used in the FLSA, cannot be lower than any applicable state or local minimum hourly wage, and the term is construed to mean the regular rate at which an employee is lawfully employed. *See* 29 C.F.R. § 778.5; *Solis v. SCA Rest. Corp.*, 938 F. Supp. 2d 380, 395 (E.D.N.Y. 2013) (finding violation of section 7 of the FLSA in weeks where employees' pay rates were lower than the state minimum wage); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 291 (S.D.N.Y. 2011) (noting that "the words 'regular rate at which he is employed' . . . must be construed to mean the regular rate at which he is lawfully employed"); *see also Platek v. Duquesne Club*, 961 F. Supp. 835, 840 (W.D. Pa. 1995) ("[P]roper overtime compensation cannot be deemed paid unless and until the employee has been compensated at the regular rate of pay for the first forty hours worked."). Where a defendant defaults, a plaintiff's allegations concerning the hours worked and the wages paid are uncontested and therefore establish violations of the FLSA's overtime requirements. *See Nieves v. Top Notch Granite & Marble LLC*, No. CIV.A. 10-1589 JHR, 2011 WL 2937352, at *3 (D.N.J. July 19, 2011) (granting default judgment for FLSA claims where plaintiff's allegations of working without overtime pay were unchallenged).

      Here, the Complaint establishes that Defendants did not comply with the overtime provisions of the Act. *See* ECF No. 1 ¶¶ 41-84. Specifically, the Complaint alleges, and Defendants therefore admit, that Defendants' employees regularly worked between 45 to 70 hours per week,

and sometimes as many as 70 to 90 hours per week. *Id.* ¶¶ 45-47. Defendants did not pay their employees a premium of one and one-half times the employees' regular rates for hours worked in excess of 40 hours in a workweek. *Id.* ¶ 44. Defendants paid their employees at a single hourly rate for all hours worked in a workweek. *Id.* ¶ 42. Defendants paid employees hourly rates as low as $8.50 per hour, which, depending on the state the employee worked in, was lower than the applicable state minimum wage. *Id.* ¶ 43.

These violations, as alleged in the Complaint, are on the face of Defendants' own records. *Id.* ¶¶ 70-72, 75-80. For example, for the week ending July 8, 2018, the TimeStation records show that employee Isaac Morales Borranco worked 69.13 hours. *See* Declaration of Aristoteles Rodriguez ("Rodriguez Decl.") ¶ 15, Ex. 11 (excerpt of TimeStation records). This employee was not on Defendants' formal payroll records, but received a non-payroll check of $691 with a notation on the memo line that the payment was for "Week of 7/2/18-7/8/18." Rodriguez Decl. ¶ 15, Ex. 12 (copy of non-payroll check). Thus, Defendants only paid this employee $10 per hour for all hours worked without any overtime premium. Rodriguez Decl. ¶ 15. Similarly, for the week ending August 20, 2017, Defendants issued a payroll check to employee Tobias Guerrero for $380 in gross wages for 40 hours and a separate check for $183 for the same week, for a total of $564 in gross wages. Rodriguez Decl. ¶ 16, Exs. 13 (payroll excerpt), 14 (copy of non-payroll check). According to the Time Station records, this employee worked 59.32 hours for the same week. Rodriguez Decl. ¶ 16, Ex. 15. Thus, Defendants only paid this employee approximately $9.50 per hour for all hours worked without any overtime premium. Rodriguez Decl. ¶ 16.

### 3. Defendants' Recordkeeping Practices Violated the FLSA.

Section 11(c) of the FLSA requires employers to "make, keep, and preserve" accurate records of their employees' "wages, hours, and other conditions and practices of employment." 29 U.S.C. § 211(c). This requirement includes keeping accurate records of all hours worked by

each employee in a workweek, the employees' hourly rates of pay, the total amount of wages paid to each employee, and the amount of overtime compensation paid to each employee. *Id.*; 29 C.F.R. Part 516; *Walsh v. Elder Res. Mgmt., Inc.*, No. 2:19-CV-00546-CCW, 2022 WL 3134085, at \*15 (W.D. Pa. Aug. 5, 2022). "An employer commits a per se recordkeeping violation" of the FLSA when it fails to make, keep, and preserve adequate and accurate employment records as required by the FLSA. *See Walsh v. E. Penn Mfg. Co.*, 555 F. Supp. 3d 89, 113 (E.D. Pa. 2021) (granting summary judgment on recordkeeping violation).

Here, Defendants have committed a per se recordkeeping violation of the Act. The Complaint establishes that Defendants failed to keep adequate and accurate records of, among other things, employees' overtime pay rate, actual wages paid, and all employees' daily and weekly hours worked in violation of sections 11(c) and 15(a)(5) of the Act. *See* ECF No. 1 ¶¶ 85-88. Specifically, Defendants' payroll records did not accurately reflect the number of hours worked by employees, their actual pay rate, and the wages received. *Id.* ¶¶ 86-87; *see also* Rodriguez Decl. ¶¶ 11-13, Exs. 9-10. For example, for many employees, the payroll records reflected that they only worked 40 hours in a workweek when they worked well over 40 hours. ECF No. 1 ¶¶ 74-76, 78-79; *see also* Rodriguez Decl. ¶ 12, Ex. 9. Even when the payroll records reflected some overtime hours worked, it did not accurately reflect all overtime hours worked. ECF No. 1 ¶¶ 64-65. Further, as alleged in the Complaint, and therefore deemed true, when Defendants' employees used a different timekeeping method than Time Station (a time keeping system Defendants typically used to keep track of hours worked by employees), Defendants failed to maintain and keep adequate and accurate records of these employees' actual daily and weekly hours of work. *Id.* ¶¶ 51, 88. Accordingly, Defendants violated the FLSA's recordkeeping requirements.

4. <u>Defendants' Willfully Violated the FLSA.</u>

The Complaint establishes that Defendants' violations of the FLSA were willful. *Id.* ¶¶ 89-92. A violation of the FLSA is willful if the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)); *Stone v. Troy Constr., LLC*, 935 F.3d 141, 150 (3d Cir. 2019). "An employer's awareness of possible violations of the FLSA, together with an indifference toward the requirements imposed by the statute supports a finding of willfulness." *Hernandez v. Polly Inc.*, No. 22-1244-ES-JBC, 2022 WL 17850347, at *4 (D.N.J. Dec. 21, 2022) (internal quotations omitted). Further, willfulness does not require a showing of egregiousness, and neither good faith nor ignorance will preclude a finding of willfulness. *Stone*, 935 F.3d at 150; *Dole v. Solid Waste Servs., Inc.*, 733 F. Supp. 895, 927 (E.D. Pa. 1989), *aff'd*, 897 F.2d 521 (3d Cir. 1990).

The Secretary's Complaint establishes, and Defendants' time and payroll records show, that Defendants were well aware of their obligations to pay their employees overtime compensation in compliance with the FLSA and to keep accurate records. *See* ECF No. 1 ¶¶ 63, 89. As detailed in the Complaint, Defendants knew the number of hours worked by employees because they used a time keeping system and other timecards to keep track of the number of hours worked. *Id.* ¶¶ 51-55. Despite knowing the actual hours that their employees worked, Defendants actively misrepresented their hours worked on the payroll records. *Id.* ¶¶ 56-68. In fact, Defendant went so far as to deceptively pay some employees with multiple checks from different bank accounts with one check reflecting payment for 40 hours and the second check for hours worked in excess of 40 hours, paid at the hourly rate without overtime compensation. *Id.* ¶¶ 74-81; *see also* Rodriguez Decl. ¶ 16, Exs. 13-15. Similarly, Defendants paid some employee who worked overtime by check and cash for the same workweek in attempt to conceal their intentional failure to pay. ECF No. 1 ¶¶ 82-84. Defendants' payment schemes and active steps to manipulate and

8

misrepresent their records plainly establish that their violations of the FLSA's overtime and recordkeeping requirements were willful.

### C. Default Judgment Factors Weigh Heavily in Favor of Plaintiff

Default judgment is appropriate because: (1) the Secretary will be further prejudiced if default judgment is denied; (2) Defendants do not have a litigable defense; and (3) Defendants' delays are due to their culpable conduct. *Sidewinder Films*, 2022 WL 6964829, at *2 (discussing the default judgment factors). The three factors that control whether a default judgment should be entered here mirror three of the six factors from *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), which the Court considered in ordering sanctions. *See Sidewinder Films*, 2022 WL 6964829, at *3 (recognizing *Poulis* factors share common elements with Rule 55 default judgment standard). Thus, in ordering default sanctions against Defendants for their repeated failure to comply with their discovery obligations, this Court has already determined that the Secretary will be prejudiced absent a default, the Secretary's claims are meritorious, and Defendants' failure to defend this action is willful or in bad faith. *See* ECF Nos. 75 at 6-11 (also finding that Defendants are personally responsible for their failure to comply with the Court's orders, Defendants have demonstrated a history of dilatoriness, and alternative sanctions short of default will not be effective), 77. Accordingly, all three factors heavily weigh in favor of default judgment.

#### 1. The Secretary will be prejudiced if default judgment is not granted.

The Secretary will continue to be prejudiced if default judgment is not granted because the Secretary will not be able to enforce the FLSA and recover back wages owed to over 1,500 employees as a result of Defendants' failure to defend this action. Prejudice occurs when "a Plaintiff has no other means to vindicate rights and recover damages." *Trustees of B.A.C. Loc. 4 Pension Fund v. Danaos Grp. LLC*, No. CV 18-15551, 2019 WL 3453270, at *2 (D.N.J. July 31,

2019). Continued delay in potential relief, particularly here where wages are owed to employees, also constitutes prejudice. *Cf. id.* (discussing continued delay to plaintiffs for unpaid benefits and delinquent contributions in ERISA case).

Defendants have failed to defend this action. Defendants did not oppose the Secretary's motion for sanctions to strike their answers and enter default, did not file objections to the Report and Recommendation granting the Secretary's motion for sanctions, and have not moved to vacate the entry of default. As a result of Defendants' failure to defend this action, including failing to comply with multiple Court orders, the Secretary has not been able to move forward with this case and obtain relief. *See Unimaven, Inc. v. Texas TR, LLC*, No. 17-12008 (SDW)(LDW), 2020 WL 5406162, at *8 (D.N.J. Sept. 8, 2020) (finding prejudice because defendant failed to defend the action and plaintiff "'has been unable to move forward with the case, and has been delayed in receiving relief'") (quoting *Aetrex Worldwide, Inc. v. Sourcing For You Ltd.*, No. CV 14-02504 (CCC), 2019 WL 1349763, at *2 (D.N.J. Mar. 26, 2019)). As the Court previously concluded, Defendants' dilatory conduct has also prejudiced over 1,500 employees. *See* ECF No. 75 at 8. Without a default judgment, Defendants' employees will not obtain their hard-earned wages, and the Secretary cannot carry out her statutory responsibilities to enforce the FLSA and to obtain injunctions against unscrupulous employers like Defendants to prevent future violations of the Act. Thus, this factor weighs heavily in favor of granting Plaintiff's motion for default judgment against Defendants.

2.   Defendants do not have a meritorious defense.

The second factor also favors granting Plaintiff's motion for default judgment because Defendants do not have a meritorious defense. "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Sidewinder Films*, 2022 WL 6964829, at *4. The Court is

"not required to have a mini-trial before it can impose a default." *Days Inns Worldwide, Inc. v. Al Noor Corp.*, No. 10-00479, 2012 WL 715252, at *6 (D.N.J. Mar. 5, 2012).

Here, the Court has struck Defendants' answers. Accordingly, Defendants have not presented any defense. *See Sidewinder Films*, 2022 WL 6964829, at *4 ("by virtue of [defendant's] [a]nswer being struck and its failure to otherwise defend . . . [d]efendant has not presented any defense."). Further, this Court has appropriately already found that the Secretary's claim was meritorious, because "the allegations in the complaint, if true, support recovery by the Secretary for defendants' FLSA violations, including Decena's individual liability for the FLSA violations." ECF Nos. 75 at 9-11, 77. Thus, this factor weighs favorably to grant the Secretary's motion for default judgment.

### 3.  Defendants' conduct is culpable warranting default judgment.

Culpable conduct is "dilatory behavior that is willful or bad faith." *Maersk Line v. TJM Int'l Ltd. Liab. Co.*, 427 F. Supp. 3d 528, 537 (D.N.J. 2019) (quoting *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123 (3d Cir. 1983)). Further, culpability will be presumed where defendants fail to defend an action. *Sidewinder Films*, 2022 WL 6964829, at *4; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006) ("Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard.") (quotation marks and citation omitted).

Here, Defendants have demonstrated their culpable conduct by failing to defend this action. They have failed to comply with multiple Court orders, and did not file objections to the Court's Report and Recommendation or file an opposition to the Secretary's motion for sanctions seeking to strike their answers and enter default. *See* ECF No. 75 at 9; *Delgado v. Auto Gallery LLC*, No. 20-CV-18593 (KSH)(CLW), 2021 WL 5864064, at *4 (D.N.J. Dec. 10, 2021) (inferring culpability from defendants' failure to respond). By failing to engage in litigation and most

recently, failing to respond or object to default sanctions, Defendants have willfully failed to defend this action. *Stewart v. Loving Kindness Healthcare Sys., LLC*, 2021 WL 567248, at *4 (W.D. Pa. Feb. 16, 2021) (finding defendants culpable having failed to engage in litigation process). Thus, all three factors favor granting Plaintiff's motion for default judgment against Defendants.

## II.    DAMAGES AND INJUNCTIVE RELIEF

The Secretary seeks a default judgment of $16,555,620 against Defendants, as well as injunctive relief to prevent future violations of the FLSA. As set forth below, the Court can award the damages sought by the Secretary without an inquest hearing because the damages owed are supported by a detailed declaration from Assistant District Director Rodriguez and documentary evidence, including Defendants' own time and pay records.

### A.    Proposed Statement of Damages

In her Complaint, the Secretary seeks an order under section 16(c) of the Act finding Defendants liable for unpaid overtime compensation found due to Defendants' employees as well as an equal amount of liquidated damages. The unpaid overtime compensation due is based on the computations performed by WHD, which are based primarily on the records produced by Defendants to WHD during the investigation. Rodriguez Decl. ¶ 17. WHD computed a total of $8,277,810 in unpaid overtime to 1,504 employees plus an equal additional amount of liquidated damages, for a total of $16,555,620. *Id*. ¶ 32; Ex. 1. The Secretary seeks the total computed by WHD in this request for a default judgment. Further, Defendants are jointly and severally liable for the entire amount. *See Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 148 (3d Cir. 2014) ("[E]ach joint employer may be held jointly and severally liable for the FLSA violations of the other, in addition to direct liability for its own violations."); *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013) (individual "employer" is jointly and severally liable, along with the

corporate employer, for violations of the Act); *Jackson v. Art of Life, Inc.*, 836 F. Supp. 2d 226, 235 (E.D. Pa. 2011) ("A corporate officer with operational control is an 'employer,' along with the corporation, jointly and severally liable under the Act for unpaid wages.") (citation omitted).

**B.   An Inquest Hearing is Not Necessary**

The damages the Secretary seeks in this matter—back wages and liquidated damages—can be established without a hearing. Federal Rule of Civil Procedure 55(b)(2) does not require a hearing on damages. *See* Fed. R. Civ. P. 55(b)(2)(B) (the Court "may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . (B) determine the amount of damages. . . ."). Courts in the Third Circuit have found that a hearing is unnecessary 'as long as [the court] ensure[s] that there is a basis for the damages specified in the default judgment." *Trucking Emps. of N. Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer, Inc.*, No.08-02782-JAG, 2009 WL 3584358, at *3 (D.N.J. Oct. 27, 2009) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir.1997)). Inquest hearings are unnecessary where "detailed affidavits and documentary evidence" have been submitted to support the plaintiff's claims for damages. *See Trustees of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund v. Rocon, Inc.*, No. 21-8534-KMW-MJS, 2022 WL 225384, at *5 (D.N.J. Jan. 26, 2022). An inquest hearing is also not necessary where damages are a "sum certain or for a sum which can by computation be made certain." *Id.* Courts have "considerable latitude" in determining the amount of damages to be awarded on a default judgment motion. *Delgado*, 2021 WL 5864064, at *4 (citing *Saiyed v. Archon, Inc.*, No. 16-9530, 2021 WL 3561219, at *2 (D.N.J. Aug. 11, 2021)).

In this case, an inquest hearing is not necessary because the damages are a sum certain that can be established by a detailed declaration and Defendants' own records. The amount of damages due for Defendants' violation of the overtime requirements of the FLSA is primarily based on

Defendants' time records. Rodriguez Decl. ¶ 17. As discussed fully in the Declaration of Assistant District Director Rodriguez, the back wages amount the Secretary seeks is generally the result of mathematical computations based on wages paid and hours worked that appear in Defendants' time records as well as information obtained during litigation or WHD's investigation. WHD's computation spreadsheets show the back wage calculations in full. *See* Rodriguez Decl. ¶ 19, Ex. 1 (summary of back wage computations); Exs. 2-8 (detailed computations worksheets based on geographic region).

### C.      The Secretary is Entitled to Liquidated Damages

Defendants cannot avoid a finding that liquidated damages are due. Under section 16(c) of the FLSA, an employer who violates the compensation provisions of the Act is liable both for the compensation owed and an equal amount in liquidated damages. 29 U.S.C. § 216(c); *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907 (3d Cir. 1991); *Haulaway*, 723 F. Supp. at 288. "The purpose of liquidated damages is to compensate employees by making them whole for the delay in receiving wages improperly denied them through violations of the Act." *Haulaway*, 723 F. Supp. at 288; *Cooper Elec. Supply*, 940 F.2d at 907.

Liquidated damages in an amount equal to the underpayment is mandatory unless the employer can show good faith. *See Marshall v. Brunner*, 668 F.2d 748, 753 (3d Cir. 1982) ("In the absence of . . . a showing [of good faith], the district court has no discretion to mitigate an employer's statutory liability for liquidated damages."). The employer has the "plain and substantial burden of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." *Id*. The good faith element is subjective in which the employer must demonstrate "an honest intention to ascertain and follow the dictates of the Act." *Cooper Elec. Supply Co.*, 940 F.2d at 907-08. The reasonable grounds component of the defense

is an objective standard, and "an employer may not rely on ignorance alone in meeting the objective test." *Brunner*, 668 F.2d at 753. A defendant's burden is "a difficult one to meet," and "[d]ouble damages are the norm, single damages the exception" *Cooper Elec. Supply Co.*, 940 F.2d at 908 (citations omitted).

Here, having defaulted, Defendants cannot demonstrate that their violations of the FLSA were in good faith and that they reasonably believed they were not violating the statute. There is also no evidence of good faith in the record. *See Delgado*, 2021 WL 5864064, at *5 (awarding liquidated damages in FLSA matter where defendants defaulted and "no indication in the record that they were acting in good faith or reasonably believed there were not violating the statute"); *Qu Wang*, 2018 WL 1027446, at *5 (same). In fact, Defendants' records show that they were well aware of the FLSA's requirements and intentionally took steps in attempt to simulate compliance with the FLSA, the opposite of good faith. *See* Sections I.B.2-4, *supra*. Accordingly, the Secretary is entitled to liquidated damages in an amount equal to the unpaid back wages owed to Defendants' employees.

### D.    The Court Should Enjoin Defendants from Violating the FLSA

Section 17 of the FLSA permits a court to enjoin violations of the FLSA. 29 U.S.C. § 217. The question of whether the Court should issue an injunction is within the sound discretion of the trial court. *See Haulaway*, 723 F. Supp. at 288; *Solis v. A-1 Mortg. Corp.*, 934 F. Supp. 2d 778, 815 (W.D. Pa. 2013). In determining whether to issue an injunction, courts consider factors such as the employer's past conduct, current conduct, and reliability of future compliance. *See Elder Res. Mgmt.*, 2022 WL 3134085, at *15; *Loving Kindness Healthcare Sys.*, 2021 WL 567248, at *6. "Where the Secretary has established violations of the Act, the district court should ordinarily grant injunctive relief, even if the employer is in present compliance, unless the district court is soundly convinced that there is no reasonable probability of a recurrence of the violations." *Walsh*

*v. Fusion Japanese Steakhouse, Inc.*, 548 F. Supp. 3d 513, 533 (W.D. Pa. 2021) (quoting *Marshall v. Van Matre*, 634 F.2d 1115, 1118 (8th Cir. 1980)). Thus, an injunction is still appropriate even where an employer has ceased violating the Act. *See Marshall v. Nat'l Freight, Inc*, No. 76-0385, 1979 WL 1977, at *13 (D.N.J. Sept. 6, 1979) (enjoining defendants with purported current compliance).

All these factors favor injunctive relief. Despite a decades-old requirement to pay overtime for hours worked over 40 in a workweek, Defendants failed to do so. Defendants failed to pay employees proper overtime wages for the period of at least January 2017 through at least January 2020, and it has been established that their conduct was willful. *See, e.g.*, *Scalia v. Shalimar Distributors LLC*, No. 4:18-CV-1642, 2020 WL 4335020, at *8 (M.D. Pa. July 28, 2020) ( enjoining defendants for willfully violating the FLSA); *Nat'l Freight*, 1979 WL 1977, at *13 (same). Because Defendants have defaulted as a consequence of their failure to defend this case and follow multiple court orders, "their current and future compliance with the FLSA is in question." *Acosta v. DRF Hosp. Mgmt. LLC*, No. 18-CV-346-DRH-AKT, 2019 WL 1590931, at *12 (E.D.N.Y. Mar. 13, 2019), *report and recommendation adopted , No. 18-CV-346-DRH-AKT, 2019 WL 1585225 (E.D.N.Y. Apr. 12, 2019).* Accordingly, the Court is empowered to and should grant the injunctive relief sought in the Proposed Judgment, including ordering that Defendants will comply with sections 207, 211(c), 215(a)(2), and 215(a)(5) of the Act.

## CONCLUSION

The Secretary respectfully requests that the Court grant her Application for Default Judgment and enter the submitted Proposed Judgment.

DATED:      May 11, 2023
            New York, New York

                              SEEMA NANDA
                              Solicitor of Labor

                              JEFFREY S. ROGOFF
                              Regional Solicitor

                              /s/ Amy Tai
                              AMY TAI
                              Senior Trial Attorney

                              /s/ Audrey-Marie H. Winn
                              AUDREY-MARIE H. WINN
                              Trial Attorney

                              U.S. Department of Labor
                              201 Varick Street, Room 983
                              New York, NY 10014
                              (646) 264-3653/ 3626
                              (646) 264-3660 (fax)
                              Tai.amy@dol.gov
                              winn.audreymarie.h@dol.gov
                              NY-SOL-ECF@dol.gov

                              *Attorneys for the Acting Secretary of Labor,*
                              *Julie A. Su*