NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, U.S. Department of Labor,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ERNIE'S AUTO DETAILING INC. and ERNESTO DECENA a/k/a BUENAVENTURA E. DECENA, individually,<br><br>　　　　　　　　　　　　　　Defendants. | Case No. 20cv17785 (EP) (ESK)<br><br>**OPINION** |

**PADIN, District Judge.**

Before the Court is Plaintiff Julie A. Su's, Acting Secretary of Labor, U.S. Department of Labor,[1,2] unopposed motion for default judgment against Defendants Ernie's Auto Detailing Inc. ("Ernie's Auto") and Ernesto Decena a/k/a Buenaventura E. Decena[3] ("Decena") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). D.E. 78 ("Mot."). For the reasons set forth below, Plaintiff's motion will be **GRANTED**.

I.　BACKGROUND

Ernie's Auto is a New Jersey corporation operating an auto detailing business across several states. D.E. 1 ("Compl.") ¶¶ 2, 7. Between January 2017 and at least January 2020 ("Relevant Period"), Ernie's Auto's over 1,500 employees provided car detailing, interior car

---

[1] At the time this matter was first filed, Eugene Scalia was serving as the Secretary of Labor. As of March 2023, Julie A. Su is the Acting Secretary of Labor. Therefore, Julie A. Su, in her role as the Acting Secretary of Labor, is now Plaintiff in this matter. Fed. R. Civ. P. 25(d).
[2] Herein referred to as "Plaintiff" or "Secretary Su".
[3] Herein, collectively, referred to as "Defendants".

cleaning, car washing, driving, and valet services at approximately 140 high-end auto dealerships in New Jersey, New York, Connecticut, and Pennsylvania, as well as at Ernie's Auto's own New Jersey auto shop (collectively, "Worksites"). *Id.* ¶¶ 2, 7-10.

Decena, a New Jersey resident, is the owner and president of Ernie's Auto. *Id.* ¶¶ 13-15. During the Relevant Period, Decena was directly involved in the operational control and management of Ernie's Auto, including by, *inter alia*, negotiating contracts and contract renewals between Ernie's Auto and auto dealerships where Defendants' employees performed their services, hiring and determining the rate of pay for Defendants' employees, determining work schedules for Defendants' employees, visiting Worksites to distribute wages and give orders to Defendants' employees, and signing paychecks from Ernie's Auto to Defendants' employees. *Id.* ¶¶ 16-36.

On December 2, 2020, Secretary Su filed the pending Complaint against Defendants, alleging that Defendants violated the FLSA during the Relevant Period in two ways: (1) by failing to pay employees overtime, and (2) by failing to keep adequate and accurate employment records. Compl. ¶¶ 96-100. On February 1, 2021, Defendants filed answers. D.E. 12; D.E. 13. Thereafter, a discovery schedule was adopted, and amended on several occasions, D.E. 24; D.E. 27; D.E. 30; following a discovery dispute concerning Defendants' pace of production, Defendants were directed to "fully respond to [P]laintiff's written discovery requests," D.E. 33; Defendants filed bankruptcy petitions, D.E. 37; D.E. 44; and following another discovery dispute concerning Defendants' pace of production, Defendants were directed to fully respond to the discovery requests by March 31, 2022, D.E. 53.

Further issues followed: Defendants produced no further discovery; Defendants' counsel withdrew from the matter, D.E. 60; Defendants were again directed to fully respond to the outstanding discovery requests by June 6, 2022, *id.*; and Defendants failed to timely obtain

substitute counsel. Secretary Su sought and obtained entry of default against Ernie's Auto on June 1, 2022. D.E. 62; D.E. 63. Defendants then obtained new counsel, who entered an appearance on June 29, 2022, D.E. 65, and the entry of default against Ernie's Auto was vacated on July 7, 2022, D.E. 67. For a fourth time, Defendants were directed to fully respond to the outstanding discovery requests, D.E. 67, but they still failed to comply. On September 21, 2022, Defendants' counsel failed to appear for the scheduled status conference, *see* D.E. 70, and Magistrate Judge Kiel entered an order permitting Secretary Su to file a motion for sanctions and other relief for Defendants' failure to respond to discovery requests, D.E. 69.

On October 14, 2022, Secretary Su filed a motion for sanctions, seeking that Defendants' answers be stricken and default be entered against Defendants. D.E. 71. Defendants did not oppose. Magistrate Judge Kiel issued a Report and Recommendation that Secretary Su's motion be granted. D.E. 75. Defendants filed no objections to the Report and Recommendation. The Court[4] adopted the Report and Recommendation. D.E. 77. Consequently, Defendants' answers were stricken, and the Clerk of the Court entered default against Defendants.

On May 11, 2023, Secretary Su filed the pending motion for default judgment against Defendants. Defendants have not opposed. The motion is now ripe for review.

## II.    LEGAL STANDARD

A district court has discretion to enter default judgment. *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 847 (D.N.J. 2008). But before entering default judgment, three threshold requirements must be met. Specially, a court must: "(1) determine it has jurisdiction both over the subject matter and parties[,] (2) determine whether [the] defendants have been properly served[,] (3) analyze the [c]omplaint to determine whether it

---

[4] Judge McNulty.

3

sufficiently pleads a cause of action[,] and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, 2015 U.S. Dist. LEXIS 147376, at *2 (D.N.J. Oct. 30, 2015) (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); *Wilmington Sav. Fund Soc., FSB v. Left Field Props., LLC*, 2011 U.S. Dist. LEXIS 66646, at *3-4 (D.N.J. June 20, 2011)). While a court must treat all well-pled factual allegations in the complaint as true for purposes of determining liability, the plaintiff must still establish damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

Finally, before entering default judgment, a court must also make findings with respect to the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a [meritorious] defense, and (3) whether [the] defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citation omitted).

### III.  DISCUSSION

#### A.  Threshold Requirements

##### 1.  *Jurisdiction & Service*

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345 and 29 U.S.C. § 217 because Secretary Su brings claims under the FLSA. Moreover, personal jurisdiction is present, as Defendants were properly served. *See* D.E. 5 (execution of service); D.E. 7 (waiving defenses based on alleged defects in service of process); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant.").

4

## 2. *Sufficiency of the Pleadings*

Taken as true, the well-pled factual allegations of the Complaint establish that Defendants are liable for: (1) failure to pay overtime in violation of sections 7(a) and 15(a)(2) of the FLSA, and (2) inadequate and inaccurate recordkeeping in violation of sections 11(c) and 15(a)(5) of the FLSA.

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); *see also Delgado v. Auto Gallery LLC*, 2021 U.S. Dist. LEXIS 236739, at *7-8 (D.N.J. Dec. 10, 2021) (citation omitted) (noting that the FLSA's definition of employer is interpreted broadly to effectuate the statute's liberal, remedial purposes). Employer status hinges on control. *Qu Wang v. Fu Leen Meng Rest. Liab. Co.*, 2018 U.S. Dist. LEXIS 29377, at *5 (D.N.J. Feb. 23, 2018). Several factors are considered in making this determination, specifically whether the alleged employer: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (citation omitted).

Secretary Su alleges that Defendants were employers under the FLSA. *See* Compl. ¶¶ 12-40. Specifically, during the Relevant Period, Ernie's Auto employed over 1,500 employees to provide car detailing, interior car cleaning, car washing, driving, valet services at the Worksites. *Id.* ¶¶ 9-10. During the same time period, Decena was in active and operational control and management of Ernie's Auto with the authority to, *inter alia*, hire and fire employees, assign and transfer employees from Worksites, determine employees' rates of pay and work schedules, direct employees on how to perform their work, and sign employees' paychecks. *Id.* ¶¶16-36. These

allegations are sufficient to establish that Defendants were acting as employers subject to the FLSA during the Relevant Period.

Relevant to the first claim, the "FLSA establishes . . . overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). Consequently, an employer subject to the FLSA is required to "pay one and one-half times the employer's regular wage for hours worked in excess of forty hours per week." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (citing 29 U.S.C. § 207). Where an employer fails to pay an employee overtime in violation of the FLSA, the employer is liable to the affected employee in the amount of unpaid overtime pay, as well as an additional equal amount in liquidated damages. *Id.* (citing 29 U.S.C. § 216(b)).

Secretary Su alleges that Defendants' employees regularly worked between 45 to 70 hours per week, and sometimes as many as 90 hours per week. Compl. ¶¶ 45-47. Defendants were, therefore, required to pay their employees a premium of one and one-half times their regular rates for the hours they worked in excess of 40 hours per week. *Id.* ¶ 44. However, in violation of the FLSA, Defendants paid employees at a single hourly rate for all hours worked in a week. *Id.* ¶ 42. These FLSA violations are documented by Defendants' own records. *Id.* ¶¶ 70-72, 75-80. In support of the pending motion, Secretary Su provides specific examples, including that Defendants' records showed that an employee worked 69.13 hours in the week ending on July 8, 2018, but received a non-payroll check for $691, which meant that this employee was paid $10 per hour for all hours worked without an overtime premium, D.E. 78-2 ("Investigator Dec.") ¶ 15; and another employee worked 59.32 hours in the week ending on August 20, 2017, but received a payroll check for $380 in gross wages for 40 hours and a separate check for $183, which meant that this employee was paid $9.50 per hour for all hours worked without an overtime premium, *id.*

¶ 16. These allegations are sufficient to establish that Defendants failed to pay overtime in violation of sections 7 and 15(a)(2) of the FLSA. *See, e.g.*, *Walsh v. Serenitycare LLC*, 2022 U.S. Dist. LEXIS 233425, at *4-5 (W.D. Pa. Dec. 28, 2022) (finding similar allegations sufficient).

Next, relevant to the second claim, the FLSA requires that employers "make, keep, and preserve" adequate and accurate employment records. 29 U.S.C. § 211(c). Employment records must include information concerning, *inter alia*, employees' hours worked per day, hours worked per week, total daily or weekly straight time, and overtime premiums due. 29 C.F.R. §§ 516.2(a)(7)-(9). Where an employer's employment records do not comply with the FLSA, such "employer commits a per se recordkeeping violation." *Walsh v. E. Penn Mfg. Co.*, 555 F. Supp. 3d 89, 113 (E.D. Pa. 2021).

Secretary Su claims that Defendants committed a per se recordkeeping violation of the FLSA, as Defendants' payroll records did not accurately reflect the number of hours worked by employees, the actual pay rate of employees, and the wages employees received. Compl. ¶¶ 85-88; *see also* Investigator Dec. ¶¶ 11-13. Specifically, for many employees, Defendants' payroll records reflected that employees only worked 40 hours in a week, even if they had actually worked more than 40 hours in that week. Compl. ¶¶ 74-76, 78-79; Investigator Dec. ¶ 12. Additionally, when the payroll records did reflect that employees worked more than 40 hours in a week, the records did not accurately reflect all overtime hours worked. Compl. ¶¶ 64-65. Lastly, when employees used a different timekeeping method than the method Defendant typically used, Defendants failed to maintain adequate and accurate records of those employees' actual daily and weekly hours of work. *Id.* ¶¶ 51, 88. These allegations are sufficient to establish that Defendants failed to make, keep, and preserve adequate and accurate employment records in violation of

sections 11(c) and 15(a)(5) of the FLSA.  *See, e.g.*, *Serenitycare LLC*, 2022 U.S. Dist. LEXIS 233425, at *5 (finding similar allegations sufficient).

Lastly, violations of the FLSA are considered "willful" if an "employer either knew or showed reckless disregard" of the FLSA's requirements.  *Brock v. Claridge Hotel & Casino*, 846 F.2d 180, 188 (3d Cir. 1988); *Martin v. Selker Bros.*, 949 F.2d 1286, 1296 (3d Cir. 1991).  "An employer's awareness of possible violations of the FLSA, together with an indifference toward the requirements imposed by the statute[,] supports a finding of willfulness."  *Hernandez v. Polly Inc.*, 2022 U.S. Dist. LEXIS 230360, at *10 (D.N.J. Dec. 21, 2022) (internal quotation marks omitted) (quoting *Garcia v. Tenafly Gourmet Farms, Inc.*, 2012 U.S. Dist. LEXIS 28649, at *6 (D.N.J. Mar. 5, 2012)).

Secretary Su alleges that Defendants' time and payroll records demonstrate that Defendants' FLSA violations were willful because Defendants were aware of their obligations to pay overtime to employees and to keep adequate and accurate records.  Compl. ¶¶ 63, 89.  For example, Defendants kept track of hours worked by employees, yet Defendants actively misrepresented those hours on payroll records, *id.* ¶¶ 51-68.  Defendants even paid some employees with multiple checks from different bank accounts with one check reflecting payment for 40 hours and the second check reflecting payment for hours worked in excess of 40 hours; however, neither check provided compensation at the premium overtime rate required by the FLSA.  *Id.* ¶¶ 74-81; *see also* Investigator Dec. ¶ 16.  Additionally, in an effort to conceal their failure to pay overtime, Defendants paid some employees who worked overtime by check and cash for the same week.  Compl. ¶¶ 82-84.  These allegations sufficiently establish that Defendants willfully violated the FLSA.

8

Accordingly, the well-pled factual allegations in the Complaint establish Defendants' liability under the FLSA.

### B. Default Judgment Factors

Turning to the three default judgment factors, *see supra* Section II., the Court concludes that these factors weigh in favor of entering default judgment against Defendants.

First, with respect to the prejudice factor, Secretary Su will suffer prejudice if default judgment is not entered because Defendants' failure to defend this matter deprives Secretary Su of the ability to litigate the FLSA violations against Defendants. *See AMA Staffing Servs. LLC*, 2023 U.S. Dist. LEXIS 126231, at *14-15 (finding plaintiff would suffer prejudice where denying entry of default judgment would leave plaintiff with no other means to vindicate FLSA claims); *Morales v. Aqua Pazza LLC*, 2022 U.S. Dist. LEXIS 95768, at *21 (D.N.J. May 27, 2022) (same).

Second, with respect to the meritorious defense factor, there is no basis to infer that Defendants have any meritorious defenses, particularly given Defendants' failure to defend this matter. *See AMA Staffing Servs. LLC*, 2023 U.S. Dist. LEXIS 126231, at *14 (citation omitted) (concluding defendants' failure to respond makes it self-evident that there are no defenses for the court to consider); *Sidewinder Films, LLC v. Sidewinder Films, LLC*, 2022 U.S. Dist. LEXIS 185991, at *10 (D.N.J. Oct. 11, 2022) (finding no meritorious defense was presented that would "caution against entry of default judgment" "by virtue of [defendant's] Answer being struck and [defendant's] failure to otherwise defend [p]laintiff's claims, [d]efendant has not presented any defense").

Lastly, with respect to the delay factor, it is appropriate to infer that Defendants' delay is due to culpable conduct—that is "taken willfully or in bad faith"—given Defendants' acceptance of service, history of dilatoriness in complying with Magistrate Judge Kiel's discovery orders, and

failure to meaningfully participate in this matter. *See AMA Staffing Servs. LLC*, 2023 U.S. Dist. LEXIS 126231, at *15 (inferring defendants' culpability where there was no evidence "demonstrating that defendants' failure to respond was due to something other than willful negligence"); *Serenitycare LLC*, 2022 U.S. Dist. LEXIS 233425, at *7 (finding defendant's acceptance of service and subsequent "failure to appear or respond constitutes willful and therefore culpable conduct"); *De Camillis v. Educ. Info. & Res. Ctr.*, 2020 U.S. Dist. LEXIS 168498, at *8 (D.N.J. Sept. 15, 2020) (finding defendants acted culpably as they had accepted service of the complaint and did not participate in the action).

Accordingly, entry of default judgment against Defendants is appropriate.

**C. Remedies**

*1. Unpaid Overtime Pay and Liquidated Damages*

Secretary Su seeks $8,277,810 in unpaid overtime pay and an equal amount of $8,277,810 in liquidated damages. Mot. at 12; *see also* 29 U.S.C. § 216(c) (outlining Secretary Su's ability to recover unpaid overtime pay and damages under the FLSA). The Court concludes that the $16,555,620 Secretary Su seeks is appropriate.

"While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing as long as the court ensures that there is a basis for the damages specified in the default judgment." *Qingwei Ma v. Chef Jon's Authentic Chinse Cuisine*, 2020 U.S. Dist. LEXIS 191959, at *10 (D.N.J. Oct. 16, 2020) (internal quotation marks omitted) (quoting *Days Inn Worldwide, Inc. v. Panchal*, 2015 U.S. Dist. LEXIS 112737, at *4 (D.N.J. Aug. 25, 2015)). Secretary Su has submitted detailed calculations and exhibits that provide how the total unpaid overtime pay amount sought was reached. *See generally*, Investigator Dec. Therefore, the Court finds a damages hearing will not be necessary. *See AMA*

*Staffing Servs. LLC*, 2023 U.S. Dist. LEXIS 126231, at *15-16 (relying on calculations and explanations attached to motion for default judgment to determine appropriate damages).

One of Secretary Su's claims is that Defendants failed to keep adequate and accurate records, thus, Secretary Su appropriately relies on the calculations performed by U.S. Department of Labor Wage and Hour Investigator A. Rodriguez ("WHD Investigator") to reach the $8,277,810 amount claimed to be owed to 1,504 employees for unpaid overtime pay during the Relevant Period. *See* Investigator Dec. ¶¶ 6, 17-19; D.E. 78-3 ("Ex. 1"). The WHD Investigator's calculations and supporting exhibits provide an adequate "basis for the damages specified in the default judgment." *AMA Staffing Servs. LLC*, 2023 U.S. Dist. LEXIS 126231, at *16 (internal quotation marks and citation omitted). Thus, unpaid overtime pay in the amount of $8,277,810 will be awarded.

Moreover, Secretary Su seeks $8,277,810 in liquidated damages. "Liquidated damages are presumed for an FLSA overtime violation," and "'[t]o avoid mandatory liability for liquidated damages, an employer must show that it acted in good faith and that it had reasonable grounds for believing that it was not violating the [FLSA].'" *Saiyed v. Archon, Inc.*, 2021 U.S. Dist. LEXIS 151882, at *10-11 (D.N.J. Aug. 9, 2021) (quoting *Sec'y United States DOL v. Am. Future Sys.*, 873 F.3d 420, 433 (3d Cir. 2017)). Given Defendants' default in this matter, Defendants have failed to make such showing. *See AMA Staffing Servs. LLC*, 2023 U.S. Dist. LEXIS 126231, at *16 (awarding liquidated damages in an amount equal to back pay for FLSA violations); *Qu Wang*, 2018 U.S. Dist. LEXIS 29377, at *10 (citations omitted) ("Where, as here, a defendant has failed to appear, and has not presented any evidence regarding good faith, a court should award liquidated damages to the plaintiff."). Liquidated damages equal to the amount of unpaid overtime pay will, therefore, be awarded.

Accordingly, damages totaling $16,555,620 will be awarded.

2. *Injunctive Relief*

Lastly, Secretary Su seeks an injunction restraining Defendants from future violations of sections 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA. Mot. at 15-16; *see also* 29 U.S.C. § 217 (outlining district courts' authority to restrain violations of the FLSA). The Court concludes that such relief is appropriate.

The decision to grant injunctive relief lies squarely within a court's discretion. *Dole v. Haulaway*, 723 F. Supp. 274, 288 (D.N.J. 1989), *aff'd*, 914 F.2d 242 (3d Cir. 1990). Four considerations illuminate a court's decision: (1) irreparable injury, (2) adequacy of legal remedies, (3) balance of hardships between the parties, and (4) the public interest. *2109971 Ont. Inc. v. Matrix Hosp. Furniture Inc.*, 2022 U.S. Dist. LEXIS 8458, at *9 (D.N.J. Jan. 14, 2022) (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). But, in the FLSA context, a "court should ordinarily grant injunctive relief, even if the employer is in present compliance, unless the district court is soundly convinced that there is no reasonable probability of a recurrence of the violations." *Walsh v. Fusion Japanese Steakhouse, Inc.*, 548 F. Supp. 3d 513, 533 (W.D. Pa. 2021) (internal quotation marks and citation omitted).

These considerations weigh in favor of granting injunctive relief. First, absent an injunction, Secretary Su will be irreparably harmed, as "[p]rospective injunctions are essential because the cost of noncompliance is placed on the employer, which lessens the responsibility of the Wage and Hour Division in investigating instances of noncompliance." *Serenitycare LLC*, 2022 U.S. Dist. LEXIS 233425, at *7-8 (internal quotation marks and citation omitted). Second, Secretary Su has no other legal remedies due to Defendants' failure to defend this matter. *See id.* at *8. Third, the public interest is served by the enforcement of labor laws and prevention of future

12

violations thereof. *See id.* Lastly, absent an injunction, there is a reasonable probability that Defendants, who employ over 1,000 employees across several states, may continue to violate the FLSA. *See, e.g.*, *AMA Staff Servs. LLC*, 2023 U.S. Dist. LEXIS 126231, at *17-18 (finding permanent injunction against future FLSA violations was warranted); *Serenitycare LLC*, 2022 U.S. Dist. LEXIS 233425, at *8 (same).

Accordingly, an injunction restraining Defendants from future violations of the FLSA's overtime pay and recordkeeping requirements will be entered.

## IV.  CONCLUSION

For the reasons set forth above, Secretary Su's motion for entry of default judgment against Defendants will be **GRANTED**. An appropriate Order and Judgment will follow.

Dated: December 14, 2023

_____
Evelyn Padin, U.S.D.J.